IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARONKE LASILE, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| SYNEOS HEALTH US, INC., | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Aronke Lasile ("Plaintiff" or "Ms. Lasile"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Syneos Health US, Inc. ("Defendant") for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq.

1

## JURISDICTION AND VENUE

### 2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f), and 28 U.S.C. §§ 1343.

### 3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

### 4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 20, 2021; the EEOC issued its Notice of Right to Sue on March 23, 2022.

### 5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## <u>PARTIES</u>

6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

9.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*., in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her request for FMLA.

10.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

11.

During all times relevant hereto, Defendant has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment, for the requisite requirements under the FMLA.

12.

Defendant is now and, at all times relevant hereto, a large company engaged in an industry affecting commerce. During each week of twenty (20) or more weeks of one or more years, in which the conduct complained of herein occurred, as well as the preceding year, Defendant employed five hundred and one (501) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b) and 42 U.S.C. Section 1981a(b)(3)(D).

13.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

14.

All conditions precedent have been performed, satisfied, or waived.

15.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, United Agent Group Inc., located at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066.

## FACTUAL ALLEGATIONS

16.

Ms. Lasile began working for Defendant on or about February 1, 2018, as a Clinical Research Assistant ("CRA").

17.

On or about June 14, 2021, Ms. Lasile requested travel restriction due to her medical condition (infertility) and medical treatment in order to become pregnant (in vitro fertilization) ("IVF").

18.

Ms. Lasile's doctor, Dr. Marsidi, sent a letter requesting a two-month travel restriction and requesting as an accommodation that she be allowed to work from home.

19.

Additionally, every time Ms. Lasile underwent an IVF procedure, she provided her employer a letter from her healthcare provider. The company was

aware that Ms. Lasile was undergoing procedures to become pregnant based on her disability of infertility.

20.

As a CRA, Ms. Lasile's position typically required 75-85% travel.

21.

Ms. Lasile traveled for work and used Lyft and Uber.

22.

Ms. Lasile would charge her Lyft and Uber charges to her card and submit reimbursement requests to her manager, Marty Perry, who would review the charges.

23.

Ms. Lasile was able to perform the essential elements of her job without travel.

24.

After Ms. Lasile requested a reasonable accommodation to work from home, Mr. Perry began fabricating issues with her receipts.

25.

Mr. Perry questioned the legitimacy of the receipts and asked Ms. Lasile to take screenshots of the receipts and resubmit, which she did.

26.

On July 6, 2021, Ms. Lasile met with Mr. Perry and Sarah Hochberg, a Human Resources representative to discuss the receipts she submitted for travel reimbursement.

27.

On July 7, 2021, the employer stated Ms. Lasile was terminated, due to unauthorized receipts.

28.

The receipts Ms. Lasile submitted were genuine and properly submitted.

29.

Defendant did not notify Ms. Lasile of her right to FMLA leave until after her termination.

30.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

31.

Defendant interfered with Plaintiff's rights under the Family and Medical Leave Act by terminating her employment while she was on medical leave for her own serious health condition.

32.

Defendant retaliated against Plaintiff for requesting a reasonable accommodation.

33.

Others outside the Plaintiff's protected class, i.e. employees who are not disabled, not needing FMLA leave, and/or not undergoing treatment to become pregnant, were treated differently.

34.

Plaintiff was an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

35.

Plaintiff requested a reasonable accommodation of her disabilities.

36.

Specifically, Plaintiff required limited travel due to her infertility and IVF treatments.

37.

Defendant failed to engage in the interactive process with Plaintiff, even though doing so would not have been an undue hardship.

38.

Defendant terminated Plaintiff because she had a disability and/or because she engaged in protective activity.

39.

But for Plaintiff's disability status and/or request for a reasonable accommodation of the same, she would not have suffered the adverse employment action.

40.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for their disability.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

41.

Plaintiff re-alleges paragraphs 6-8, 10, 16-28, 33-40 as if set forth fully herein.

42.

Plaintiff had a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

9

43.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

44.

Defendant was aware of Plaintiff's disability.

45.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

46.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

47.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

48.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

49.

Defendant terminated Plaintiff's employment because of her accommodation requests.

50.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

51.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

52.

Defendant treated other employees outside Plaintiff's protected class differently.

53.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

54.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

55.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

56.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

57.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

58.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages,

equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

59.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

60.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

61.

Plaintiff re-alleges paragraphs 6-8, 10, 16-28, 33-40 as if set forth fully herein.

62.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

63.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

64.

Defendant was aware of Plaintiff's disability.

65.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

66.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

67.

Plaintiff requested that Defendant accommodate her disability by limiting travel due to her infertility and IVF treatments.

68.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

69.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

70.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

71.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

72.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

73.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

74.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

75.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

76.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

77.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

78.

Plaintiff re-alleges paragraphs 6-8, 10, 16-28, 33-40 as if set forth fully herein.

79.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

80.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

81.

Defendant was aware of Plaintiff's disability.

82.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

83.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

84.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

85.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

86.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

87.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

88.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

89.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

90.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

91.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

92.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

93.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT IV:  PREGNANCY DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT / TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

94.

Plaintiff re-alleges paragraphs 6-7, 12-14, 16-28, 30, 33, 40 as if set forth fully herein.

95.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."

96.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment because of her infertility and fertility treatments to become pregnant constitutes unlawful discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981a.

97.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

98.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of her IVF treatments in order to become pregnant.

99.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made victims of acts that have adversely affected her psychological and physical well-being.

100.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT V: FMLA INTERFERENCE

101.

Plaintiff re-alleges paragraphs 6-7, 9, 11, 16-40 as if set forth fully herein.

102.

Defendant is an 'employer' as defined by the FMLA.

103.

Plaintiff was an eligible employee under the FMLA.

104.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

105.

Plaintiff was employed by Defendant for more than 12 months.

106.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

107.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

108.

Plaintiff had a medical condition that required Plaintiff to take time off work.

109.

Plaintiff had a serious medical condition as defined by the FMLA.

110.

Defendant received notice of Plaintiff's need for protected medical leave for her medical condition.

111.

Defendant terminated Plaintiff's employment  shortly after, without notifying Ms. Lasile of her right to FMLA leave, even though she was qualified under the FMLA for such leave.

112.

Defendant terminated Plaintiff's employment as a result of her serious condition qualifying her for protected medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

113.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

114.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

115.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which  may be entitled.

**BARRETT & FARAHANY**

s/ *Grace A. Starling*

Grace A. Starling
Georgia Bar No. 464958

*Counsel for Plaintiff Aronke Lasile*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
grace@justiceatwork.com