**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **ARONKE LASILE,** | : |
| | : |
| **Plaintiff,** | : **Civil Action No.** |
| | : **1:22-cv-02472-TWT-JKL** |
| **v.** | : |
| | : |
| **SYNEOS HEALTH US, INC.,** | : |
| | : |
| **Defendant.** | : |

<u>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**</u>

Defendant Syneos Health US, Inc. ("Syneos Health" or "Defendant") hereby moves this Court to dismiss Plaintiff Aronke Lasile's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support thereof, Syneos Health states as follows:

**INTRODUCTION**

Plaintiff initiated the instant action by filing her Complaint on June 21, 2022, alleging her former employer violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("ADA"), the Pregnancy Discrimination Act, 42 U.S.C. § 2000e, *et seq.* ("PDA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2611 *et seq*. ("FMLA").  Plaintiff filed an Amended Complaint on August 1, 2022

1

seeking to cure certain deficiencies in the initial Complaint and withdrawing an ADA claim for failure to accommodate.  Plaintiff also added a new untimely claim of gender discrimination under Title VII of the Civil Rights Act and an FMLA retaliation claim with no specific factual allegations.  All of Plaintiff's claims were raised after Syneos Health terminated Plaintiff's employment due to her violations of Syneos Health's corporate travel and reimbursement policies.

Plaintiff cannot state a claim under the ADA because: 1) she has not stated precisely how she is disabled within the meaning of the ADA; and 2) the Amended Complaint is devoid of any specific allegations to show how Plaintiff was treated differently as a result of her alleged disability (infertility).  Plaintiff's PDA claim fails because: 1) she never mentioned the Pregnancy Discrimination Act in her Charge of Discrimination ("Charge"); 2) failed to state how she is covered by the Pregnancy Discrimination Act, as she was not pregnant and has stated no specified medical condition; and 3) never connected her infertility to her termination from employment. Plaintiff cannot state a claim for FMLA interference, as: 1) she did not have a serious health condition as defined by the FMLA; and 2) did not allege with appropriate specificity that she provided the requisite notice to Syneos Health under the FMLA.  Plaintiff's gender discrimination claim is both time-barred and not supported by any facts in the Amended Complaint.  Finally, Plaintiff's FMLA

retaliation claim fails because Plaintiff has not plausibly alleged that she exercised any FMLA-protected right against which Syneos Health could have retaliated.

For greater context, as early as March 2021, Syneos Health began uncovering discrepancies with Plaintiff's expense reimbursement reports, particularly as they pertained to transportation expenses. Approximately two months later, one of Plaintiff's supervisors uncovered an unusually high expense request from Plaintiff relating to an upcoming flight and hotel stay Plaintiff had reserved. Plaintiff neglected to select a preferred Syneos Health hotel and was advised that the additional expense would not be passed on to a client, nor would Syneos Health cover the difference in cost.

Over the course of the next few weeks—spanning the end of May and most of June—numerous discrepancies were found in comparing Plaintiff's expense reports with the receipts she had submitted, particularly with respect to dates, amounts, and locations. Syneos Health ultimately terminated Plaintiff's employment due to her pattern of violating Syneos Health's corporate travel and reimbursement policies.

## **FACTUAL BACKGROUND[1]**

---

[1] Facts taken from Plaintiff's Amended Complaint shall be considered true for the purposes of this motion only. Syneos Health reserves the right to contest the truth of each and every allegation (factual or otherwise) contained in the Amended Complaint should this motion be denied.

Plaintiff began working for Syneos Health on or about February 1, 2018 as a Clinical Research Assistant[2] ("CRA"). (Pl.'s Amd. Compl., at ¶ 16, ECF No. 7).  Her position required her to travel and use Uber and Lyft for this purpose. (Pl.'s Amd. Compl., at ¶ 30 ECF No. 7).  Plaintiff would charge her Lyft and Uber expenses to her credit card and submit reimbursement requests for review by her supervisor, Marty Perry. *See id*.

On or about June 14, 2021, Plaintiff sought a two-month travel restriction due to her alleged condition of infertility and treatment to become pregnant through in vitro fertilization. (Pl.'s Amd. Compl., at ¶ 22, ECF No. 7). She also sought an accommodation to work from home.  (Pl.'s Amd. Compl., at ¶ 25, ECF No. 7 and Charge of Discrimination attached as **Exhibit A** to the Amended Complaint). Plaintiff admitted she "was able to perform the essential elements of [her] job without traveling and [her] request to work from home was approved."  (*See* Sworn Charge referred to in the Amended Complaint at ¶ 4 and attached as **Exhibit A** to the Amended Complaint).

Plaintiff alleges that after she requested an accommodation to work from home (which was granted), her supervisor began creating issues with her receipts

---

[2] Plaintiff's Amended Complaint incorrectly asserts that she was employed as a Clinical Research Assistant. Her title was in fact Clinical Research Associate.

(despite the fact the review of her receipts began months before her request).  (Pl.'s Amd. Compl., at ¶ 31, ECF No. 7).  Her supervisor allegedly asked Plaintiff to take screenshots of her receipts and resubmit them, which she did. (*Compare* Pl.'s Compl., at ¶ 25, ECF No. 1 and Pl.'s Amd Compl. at ¶32, ECF No. 7).[3]  On July 6, 2021, Plaintiff met with her supervisor and a human resources representative to discuss the travel receipts she submitted for reimbursement (Pl.'s Amd. Compl., at ¶ 33, ECF No. 7).  On July 7, 2021, Syneos Health terminated Plaintiff's employment due to her unauthorized receipts. (Pl.'s Amd. Compl., at ¶ 34, ECF No. 7).

Plaintiff alleges she was an individual with a disability "as defined by the Americans with Disabilities Act", but alleges no specific details regarding her alleged disability. (Pl.'s Amd. Compl., at ¶ 42, ECF No. 7).  For example, she states she "had a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing," but provides no specific factual allegations to support how her alleged infertility was connected to any of these items. (Pl.'s Amd. Compl., at ¶ 48, ECF No. 7).  To make this matter only more confusing, she has now

---

[3] Plaintiff's initial Complaint and sworn Charge attached as **Exhibit A** to the Amended Complaint allege that Perry questioned the legitimacy of the receipts and asked Lasile to take screenshots of the receipts and resubmit them.  The Amended Complaint now alleges for the first time that Ms. Sparrow-Parker did the same.

further added in the Amended Complaint that she "had a physical impairment which substantially limits one or more major bodily functions including but not limited to reproductive functions, immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, or endocrine." (Pl.'s Amd. Compl., at ¶ 49, ECF No. 7).   Plaintiff also alleges she had a serious medical condition as defined by the FMLA without providing further specificity or how Syneos Health purportedly interfered with her FMLA rights (Pl.'s Amd. Compl., at ¶ 121, ECF No. 7).  Plaintiff offers no additional facts in support of these assertions or connection between her granted accommodation to work from home and termination from employment.

## **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Marrache v. Bacardi U.S.A., Inc.*, 17 F. 4th 1084, 1099 (11th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009)). Under this standard, the inquiry is whether the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*,

552 U.S. at 678). Although the plausibility standard is not akin to a probability requirement, it asks for more than the sheer possibility that the defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility. *Id.* at 1099-1100. Stated another way, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1100 (quoting *Iqbal*, 552 U.S. at 678).

The Supreme Court has set forth a three-step process for courts to apply in considering a motion to dismiss.  First, the court must identify the elements of the cause of action in light of interpreting case authority.  *Iqbal*, 552 U.S. at 678-82. Second, the court should begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 680.  In essence, the Supreme Court has instructed trial courts to ignore all conclusory allegations in pleading.  Third, the court must consider any remaining factual allegations to "determine whether they plausibly give rise to an entitlement of relief." *Id.* at 678-82.  Applying this test to Plaintiff's Amended Complaint, it is clear that Plaintiff has failed to state claims under the ADA, PDA, Title VII, and the FMLA against Syneos Health, and as such, her Amended Complaint should be dismissed.

## <u>LEGAL ARGUMENT</u>

I.   **Counts I and II of Plaintiff's Amended Complaint Must Be Dismissed Because Plaintiff Cannot Establish a *Prima Facie* Case Under the ADA**

Plaintiff fails to state a claim under the ADA against Syneos Health because Plaintiff has not alleged a specific disability under the ADA.  She also has not alleged any connection between her disability and her termination from employment.

The general purpose of the ADA is to eradicate discrimination against persons with disabilities and to ensure equal treatment. *See* 29 C.F.R. § 1630.1(a).  In the employment context, the ADA prohibits an employer from discriminating against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  To establish a *prima facie* case of disability discrimination under the ADA, a plaintiff must demonstrate that: (1) she has a disability; (2) she is a qualified individual; and (3) she was discriminated against because of her disability. *Swain v. Hillsborough County Cnty. Sch. Bd.*, 146 F.3d 855, 857 (11th Cir. 1998) (citing 42 U.S.C. §12132).  In this case, Plaintiff cannot establish any of the prongs of her *prima facie* case.

### A.      Plaintiff Has Not Adequately Alleged a Disability

The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual[.]" *Id.* (quoting 42 U.S.C. §12102(3)).  Major life activities include, but are not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Munoz v. Selig Enters., Inc.*, 981 F.3d 1265, 1272 (11th Cir. 2020) (quoting 42 U.S.C. §12102(2)(A)).  To qualify as disabled under the ADA, the employee must be substantially limited in a major life activity "as compared to most people in the population." *Id*. (quoting 29 C.F.R. §1630.2(j)(1)(ii)).

A plaintiff must plead facts to show the timing, frequency, and duration of her impairments. *See id.* at 1273; *Abel v. NYC, Human Res. Admin*, No. 10 C 295, 2011 WL 812309 at *5 (S.D.N.Y. Mar. 3, 2011) (concluding that plaintiff failed to plead facts plausibly alleging disability where she described her condition as uterine fibroids, but did not identify any major life activity impeded by her illness); *see also Penaloza v. Target Corp.,* 549 App'x 844, 849 n.2 (11th Cir. 2013) (citing 29 C.F.R. § 1630.2(h) ("Pregnancy is generally not considered a disability, although a

pregnancy-related impairment may be considered a disability if it substantially limits a major life activity.").

Here, Plaintiff's fails to state a claim under the ADA because her Amended Complaint contains nothing more than conclusory allegations that she "had a physical impairment which substantially limits one or more major life activities including but limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing" and now she adds to that list in the Amended Complaint "reproductive functions, immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, or endocrine."   (Pl.'s Amd. Compl., at ¶¶ 48-49, ECF No. 7).  The Amended Complaint offers many generalized categories, but no facts to show how Plaintiff's alleged disability limited her in such activities, nor does she plead any facts to show that she was substantially limited as compared to most people in the population. The Amended Complaint is devoid of any allegations regarding the timing, frequency, and duration of her alleged impairments.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to establish a claim.   As the Amended Complaint merely recites the elements of a claim for ADA discrimination, and does

not plead facts to show that Plaintiff is disabled within the meaning of the ADA, she fails to state a claim upon which relief can be granted.

### B.   Plaintiff Has Not Adequately Alleged She Was Discriminated Against Because of Her Alleged Disability

Even assuming Plaintiff had shown she was disabled, Plaintiff has not adequately pled that Syneos Health discriminated against her based upon her alleged disability. In fact, Plaintiff readily admits that she received her requested accommodation. On or about June 14, 2021, Plaintiff sought a two-month travel restriction due to her alleged medical condition of infertility and treatment to become pregnant through in vitro fertilization. (Pl.'s Amd. Compl., at ¶ 22, ECF No. 7). She also sought an accommodation to work from home.  (Pl.'s Amd. Compl., at ¶ 25, ECF No. 7).  Plaintiff claims she "was able to perform the essential elements of [her] job without traveling and [her] request to work from home was approved." *See* Charge attached as **Exhibit A** to the Amended Complaint.

Even if Plaintiff was disabled, she was able to perform the essential elements of her job without traveling and her request for accommodation to work from home was approved.  Plaintiff has alleged no facts connecting the termination of her employment to any alleged disability.  To the extent Plaintiff's Amended Complaint conflicts with the sworn statements in Plaintiff's Charge which states she was able to perform the essential elements of her job without traveling, the Charge should

control.[4]  *See Gresham v. DaVita Healthcare Partners, Inc.*, 2020 WL 1492173 at *3 (S.D. Ga. March 23, 2020) (citing *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls."); *see also Williams v. Davis Transfer Co.*, No. 3:12-cv-31 (CDL), 2012 WL 4049432, at *1-2 (M.D. Ga. Sept. 13, 2012) (accepting filing date in the charge over conflicting, conclusory allegations of a timely filed charge in the complaint to find dismissal proper for failure to allege a timely filed charge of discrimination)).

### C.     Plaintiff Has Not Adequately Alleged She Was Retaliated Against Because of Her Alleged Disability

As for Plaintiff's claims for retaliation under the ADA, to assert a *prima facie* case, Plaintiff must show (1) that she engaged in a protected activity, (2) that she suffered an adverse employment decision, and (3) a causal link between the

---

[4] Plaintiff states at paragraph 31 of the Amended Complaint that she informed "Defendant that she suffered from infertility and required accommodations and leave for IVF, Defendant began fabricating issues with her receipts."  Plaintiff added the phrase "and leave for IVF" in the Amended Complaint, which is not consistent with either the Charge or the initial Complaint.  In the initial Complaint she stated at paragraph 17: "On or about June 14, 2021, Ms. Lasile requested travel restriction due to her medical condition (infertility) and medical treatment in order to become pregnant (in vitro fertilization) ("IVF").  She stated in paragraph 18 of the initial Complaint "Ms. Lasile's doctor, Dr. Marsidi, sent a letter requesting a two-month travel restriction and requesting an accommodation that she be allowed to work from home." (Emphasis added).

protected activity and the adverse action. *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1328 (11th Cir.1998). First, Plaintiff has not alleged sufficiently that she was disabled, and even if she could do so, Syneos Health permitted Plaintiff to work from home. *See Gober v. Newton County Board of Health*, 2021 WL 7632542 at *11 (N.D. Ga. Dec. 17, 2021) (granting motion to dismiss as to retaliation claim in ADA context finding Plaintiff could not plausibly allege she requested a reasonable accommodation or that she engaged in a statutorily protected expression) (additional citations omitted).   Accordingly, Plaintiff's retaliation claim in Count II of her Amended Complaint fails to state a claim upon which relief can be granted.

Counts I and II of Plaintiff's Amended Complaint alleging violations of the ADA should be dismissed for all of the above-stated reasons.

## II. Count III of Plaintiff's Amended Complaint as to Pregnancy Discrimination Must Be Dismissed

### A. Plaintiff Failed to Exhaust Administrative Remedies

Plaintiff's Charge in this case does not mention the Pregnancy Discrimination Act or pregnancy. *See* **Ex. A** to the Amended Complaint. Plaintiff is required to file an EEOC charge within 300 days of the discriminatory act for the claim to be actionable. *Penaloza v. Target Corporation*, 549 Fed. Appx. 844, 848 (11th Cir.

2013) (citing *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002)).   It is true that Courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]" and should construe an EEOC complaint broadly.  *Id*. (quoting *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004)).  "Nevertheless, judicial discrimination claims are only allowed if they "amplify, clarify, or more clearly focus" the allegations in the EEOC complaint; "allegations of new acts of discrimination are inappropriate."  *Id*.

The Charge makes a passing reference to "(infertility)."   *See* **Ex. A**. "Infertility is a medical condition that afflicts men and women with equal frequency."   *Saks v. Franklin Covey Co.*, 316 F.3d 337, 346 (2nd Cir. 2003). "Including infertility within the PDA's protection as a "related medical condition[]" would result in the anomaly of defining a class that simultaneously includes equal numbers of both sexes and yet is somehow vulnerable to sex discrimination."  *Id*. Accordingly, the Second Circuit has held that infertility standing alone does not fall within the meaning of the phrase "related medical conditions" under the PDA.  *Id*. Simply because Plaintiff mentioned "infertility" in her Charge did not put either the EEOC or Syneos Health on notice that there was a claim for pregnancy discrimination under the PDA in this case.[5]

---

[5] In fact, there was no mention of pregnancy discrimination or the PDA in Defendant's Position Statement

There was no mention of the PDA or "pregnancy discrimination" in the Plaintiff's Charge and for this reason alone, Plaintiff's PDA claims should be dismissed.

### B.    Plaintiff's Amended Complaint Fails to State a *Prima Facie* Case for Pregnancy Discrimination

Plaintiff fails to state a claim under the PDA because she has not adequately alleged she is a member of the protected class covered by the statute. The PDA provides that the prohibition in Title VII against employment discrimination on the basis of sex includes discrimination on the basis of pregnancy, childbirth, or related medical conditions. *Williams v. Crown Liquors of Broward, Inc.*, 851 F. Supp. 2d 1332, 1338 (S.D. Fla. 2012) (quoting 42 U.S.C. §2000e(k)).  In order to establish a *prima facie* case of pregnancy discrimination, a plaintiff must show that (1) she was pregnant (a member of a protected class) or other "related medical conditions"; (2) she was performing her duties satisfactorily; (3) she was discharged; and (4) similarly situated employees not in the protected class were treated more favorably. *Id.*

The Eleventh Circuit has never held that infertility is a "related medical condition" covered by the PDA, and other federal courts have declined to do so on

---

filed with the EEOC in response to the Plaintiff's Charge.

the basis that including infertility under the PDA is inconsistent with the plain language of the law.  *See Saks*, 316 F.3d at 346; *Krauel v. Iowa Methodist Med. Ctr.*, 95 F.3d 674, 679 (8th Cir. 1996), *abrogated on other grounds by Bragdon v. Abbott*, 524 U.S. 624, 118 S. Ct. 2196 (1998) (holding "[t]he plain language of the PDA does not suggest that 'related medical conditions' should be extended to apply outside the context of 'pregnancy' and 'childbirth.'"); *LaPorta v. Wal-Mart Stores, Inc.*, 163 F. Supp.2d 758, 770 (W.D. Mich. 2001) ("Neither the language nor the legislative history of the PDA reflects an intent to cover infertility.").

With respect to the remaining elements of a *prima facie* case for pregnancy discrimination, Plaintiff's Amended Complaint is wholly devoid of allegations to show how she was treated differently than employees who were not attempting to become pregnant, nor does she allege that any actions taken by Syneos Health were taken because Plaintiff was attempting to become pregnant. Accordingly, Plaintiff cannot establish the *prima facie* case for pregnancy discrimination, and she fails to state a claim under the Pregnancy Discrimination Act.

## III. Count IV of Plaintiff's Amended Complaint Must Be Dismissed Because It Was Not Timely Filed and Fails to State a Claim of Gender Discrimination

### A. Plaintiff's Gender Discrimination Claim is Time-Barred

Plaintiff added a claim of gender discrimination to the Amended Complaint filed on August 2, 2022, which was not contained in the initial Complaint.  Plaintiff did assert gender discrimination in her Charge.  *See* Charge attached as **Exhibit A** to the Amended Complaint.  Plaintiff has also appended the EEOC's Dismissal and Notice of Rights attached as **Exhibit B**, which was executed on March 23, 2022. The Dismissal and Notice of Rights provides "[y]our right to sue based on this charge will be lost if you do not file a lawsuit within 90 days."  *See id*.

Plaintiff's gender discrimination claim is time-barred because she did not file an action as to gender discrimination within the prescribed 90-day time period. "[O]nce the EEOC issues its notice-of-right-to-sue to a plaintiff, the plaintiff must file her lawsuit in federal court on those claims within the prescribed 90-day time period, or those claims are time-barred."  *Brown v. Federal Reserve Bank of Atlanta*, 2021 WL 2471054 at *4 (N.D. Ga. May 4, 2021) (citing *Abram v. Fulton Cty. Gov't*, 598 F. App'x 672, 674 (11th Cir. 2015)).  Plaintiff will likely argue that this new gender discrimination claim "relates back" to the original Complaint.  However, this Court recently rejected such an argument (in a case involving Plaintiff's counsel). *See id.*

The analysis focuses on a comparison of the two pleadings – the original Complaint and the Amended Complaint – in search of a common core of operative

facts between the original and newly asserted claims. *See Brown v. Federal Reserve Bank of Atlanta*, 2021 WL 2471054 at \*5. Although indisputably the relevant facts needed to support a gender discrimination claim were known to Plaintiff and her counsel at the time she filed her initial Complaint, and she was in possession of a notice of right-to-sue from the EEOC, Plaintiff, can provide no explanation or justification for waiting beyond the 90-day time period to add a new cause of action to her lawsuit under a different statutory framework. *See id.* In addition to being time-barred, Plaintiff's initial Complaint failed to provide notice Plaintiff would be pursuing a gender discrimination claim, and thus this newly-added claim cannot relate back to the original Complaint. *See id.*

### B. Plaintiff's Amended Complaint Fails to State a Claim for Gender Discrimination

Even if Plaintiff's gender discrimination claim was not time-barred, Plaintiff provides almost no description as to a gender discrimination claim. Plaintiff merely alleges in the Amended Complaint that Syneos Health's "action in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender." (Pl.'s Amd. Compl., at ¶ 22, ECF No. 7). Plaintiff also incorporates by reference paragraphs 16-46 of the Amended Complaint, which contain only one reference to gender. Specifically, Plaintiff alleges in paragraph 45 of the Amended Complaint, "[b]ut for Plaintiff's disability

status, request for a reasonable accommodation, gender, potential for pregnancy, and/or medical leave, she would not have suffered the adverse employment action." (Pl.'s Amd. Compl., at ¶ 45, ECF No. 7). The disjunctive phrasing of this allegation alone means that these are alternate possibilities. Under *Iqbal*, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Plaintiff has offered no plausible allegations that Syneos Health discriminated against her on the basis of her gender. For all of the above-referenced reasons, Plaintiff's new gender discrimination claim contained in Count IV of the Amended Complaint should be dismissed.

**IV.    Count V of Plaintiff's Complaint Fails to State a Claim of FMLA Interference**

Plaintiff fails to state a claim for FMLA interference because she was not entitled to receive benefits under the FMLA. The FMLA defines a "serious health condition" as one that involves continuing treatment by a healthcare provider. *Martin v. Fin. Asset Mgmt. Sys., Inc.* 959 F.3d 1048, 1052 (11th Cir. 2020) (quoting 29 U.S.C. §2611(11)(B)). To establish an FMLA interference claim, an employee must show she was entitled to a benefit under the FMLA, and her employer denied her that benefit. *Ramji v. Hosp. Housekeeping Sys., LLC*, 992 F.3d 1233, 1241 (11th Cir. 2021).

In order for an employee to show that she was entitled to an FMLA benefit, an eligible employee must demonstrate that she sought leave for a qualifying reason and that she provided notice of meeting certain criteria. *Ramji*, 992 F.3d at 1242. An employee is entitled to FMLA leave if she has a serious health condition that makes her unable to perform the functions of her position. *Id.* (citing 29 U.S.C. §2612(a)(1)(D)). A serious health condition means "an illness, injury, impairment, or physical or mental condition that involves … continuing treatment by a health care provider." *Id.* (quoting 29 U.S.C. §2611(11)(B)). To qualify as "continuing treatment" under FMLA regulations, the treatment (1) must involve a period of incapacity of more than three consecutive, full calendar days, and (2) must require either (a) treatment by a healthcare provider at least twice within 30 days of the first day of incapacity or (b) treatment by a healthcare provider at least once that results in a regimen of continuing treatment under the supervision of the healthcare provider. *Id.* (quoting 29 C.F.R. §825.115(a)(1)-(a)(2)).

The regulations also provide that

A serious health condition involving continuing treatment by a health care provider includes any one or more of the following: …

(c) Chronic conditions. Any period of incapacity or treatment for such incapacity due to a chronic serious health condition. A chronic serious health condition is one which:

(1) Requires periodic visits (defined as at least twice a year) for

> treatment by a health care provider, or by a nurse under direct supervision of a health care provider;
>
> (2) Continues over an extended period of time (including recurring episodes of a single underlying condition); and
>
> (3) May cause episodic rather than a continuing period of incapacity (e.g. asthma, diabetes, epilepsy).
> …
> (e) Conditions requiring multiple treatments. Any period of absence to receive multiple treatments (including any recovery therefrom) by a health care provider, for:
>
> (1) Restorative surgery after an accident or other injury; or
>
> (2) A condition that would likely result in a period of incapacity of more than three consecutive, full calendar days in the absence of medical intervention or treatment, such as cancer (chemotherapy, radiation, etc.), severe arthritis (physical therapy), or kidney disease (dialysis).

29 C.F.R. §825.115(c),(e).

With respect to providing the requisite notice, "[t]he critical question we must consider asks whether the 'employee adequately conveyed to the employer sufficient information to put the employer on notice that her absence was potentially FMLA-qualifying.'" *Id.* (quoting *Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1436 (11th Cir. 1997)). An employee must provide notice to make out an FMLA interference claim. *Id.* To fulfill this requirement, an employee's notice must be timely and contain sufficient information. *Id.* Where the need for leave is foreseeable, an employee must give the employer at least 30 days' advance notice, or "such notice as is practicable." *Munoz v. Selig Enters., Inc.*, 981 F.3d 1265, 1276 (11th Cir. 2020) (quoting *White v.*

*Beltram Edge Tool Supply*, 789 F.3d 1188, 1195 (11th Cir. 2015) (quoting 29 U.S.C.

§2612(e)(2))). The employee must also disclose the anticipated timing and duration

of a foreseeable leave of absence. *Id.*

Plaintiff has not demonstrated that she was entitled to FMLA benefits.

Plaintiff admitted she "was able to perform the essential elements of [her] job

without traveling and [her] request to work from home was approved." *See* Sworn

Charge attached as **Exhibit A** to the Amended Complaint.  The initial Complaint

was devoid of any allegations to establish that Plaintiff's infertility caused any period

of continuing incapacity, as required by the regulations and case law.  In the face of

Plaintiff's Motion to Dismiss and contrary to the sworn Charge, Plaintiff now claims

in the Amended Complaint that "Lasile notified her employer of her need to take

leave to receive IVF treatment to become pregnant and that she wanted to go on

short-term disability." (Pl.'s Amd. Compl., at ¶ 26, ECF No. 7).  Plaintiff does not

state when this notification was made, who it was made to, or any facts supporting

this allegation which is entirely inconsistent with Plaintiff's sworn Charge.

Because Plaintiff did not establish that she has a serious health condition or

any specific facts that she provided Syneos Health with the requisite notice, she is

not entitled to FMLA benefits and cannot state a claim for FMLA interference. Thus,

Count V of Plaintiff's Amended Complaint should be dismissed as it fails to state a claim upon which relief can be granted.

## V.   Count VI of Plaintiff's Amended Complaint Fails to State a Claim of FMLA Retaliation

To establish an FMLA retaliation claim, Plaintiff "must demonstrate that [her] employer intentionally discriminated against her in the form of an adverse employment action for having exercised an FMLA right." *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1207 (11th Cir. 2001).  "An FMLA retaliation claim carries an "increased burden" to show that the employer's action were motivated by a retaliatory animus." *Id*.  To establish a prima facie case of FMLA retaliation, an employee must demonstrate that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment decision; and (3) the decision was causally related to the protected activity.  *Martin v. Brevard Pub. Sch.*, 543 F.3d 1261, 1268 (11th Cir. 2008).  In a case involving a corporate defendant, the plaintiff must show that the corporate agent who took the adverse action was aware of the plaintiff's protected expression and acted within the scope of his or her agency when taking the adverse action.  *Aponte v. Brown and Brown of Florida, Inc.*, 806 Fed. Appx. 824, 830 (11th Cir. 2020) (citing *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1197 (11th Cir. 1997); *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000)).

In the present case, Plaintiff has not identified any facts as to who was aware of Plaintiff's FMLA leave-qualifying request, when such request was made, any witnesses to such request, and then that a corporate agent acting within the scope of his or her agency terminated Plaintiff's employment which was somehow causally related to the FMLA leave-qualifying request.  The bare allegations contained in the Amended Complaint are simply insufficient as a matter of law to support a claim for FMLA retaliation.  Accordingly, Count VI of the Amended Complaint should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Syneos Health US, Inc. respectfully requests that this Court dismiss Plaintiff's Amended Complaint in its entirety.


Respectfully submitted this 9th day of August, 2022.


**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Chad A. Shultz*
Chad A. Shultz
Georgia Bar No. 644440
55 Ivan Allen Jr. Blvd. N.W., Suite 750
Atlanta, GA 30308
Phone: (404) 978-7325
Fax: (678) 389-8475

24

Email: cshultz@grsm.com
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 9th day of August 2022, filed a true and correct copy of the forgoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** via CM/ECF, which will, in turn, serve a copy to the following counsel of record via email:

Grace A. Starling, Esq.
BARRETT & FARAHANY
P.O. Box 530092
Atlanta, GA 30353
grace@justiceatwork.com

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Chad Shultz*
Chad A. Shultz
COUNSEL